Eastern District of Kentucky
F I L E D
OCT 27 2005
AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-439-GWU

DANNY KEEN,                                                             PLAINTIFF,

VS:                   MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Danny Keen brought this action to obtain judicial review of an unfavorable administrative decision on his application for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Keen, a 44-year-old former construction worker with a "marginal" education, suffered from impairments related to borderline intelligence and depression. (Tr. 24-25). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of heavy level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25-26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Melissa Glannon included a restriction to simple, routine work without significant public contact as well as a need to avoid work performed at heights or around

5

dangerous machinery. (Tr. 43). In response, the expert identified a significant number of jobs in the national economy which could still be performed. (Tr. 44-45). Therefore, assuming that the vocational factors considered by Glannon fairly depicted Keen's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Keen's condition as required by Varley. Psychologist Phil Pack examined the plaintiff and indicated that he most probably was of borderline intelligence. (Tr. 202). The only functional limitation indicated was that the claimant would deal better with specific straightforward types of tasks rather than complex, abstract ones. (Tr. 203). The hypothetical question was essentially consistent with this restriction.

More severe mental limitations were identified by Psychologist Eric Johnson, another examiner, than were found by the ALJ. (Tr. 254-255). The ALJ rejected this opinion in favor of that of Pack. (Tr. 19). Keen asserts that the ALJ erred in this action by becoming his own medical expert, and should at least have sought the advice of a medical advisor. However, the ALJ, in his capacity as the fact-finder, had the responsibility to weigh conflicts in the evidence and determine the plaintiff's mental capacity. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110, (6th Cir. 1989). The ALJ could reasonably rely upon Pack in preference to the equally-placed Johnson. Therefore, the Court rejects the claimant's argument.

The Court notes that Edward Ross and Lea Perritt, the non-examining medical reviewers, each indicated that Keen would have a "moderate" restriction of ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances. (Tr. 219, 238). This limitation was not presented to the vocational expert. The plaintiff has not argued that this

omission constituted reversible error. Furthermore, the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. Section 416.927(d)(1). Thus, to the extent that these opinions might be considered contrary to those of Pack and Cook, the ALJ could rely upon the actual examining sources. Therefore, the administrative decision is supported by substantial evidence.

The ALJ properly found that Keen did not meet the requirements of Sections 12.05C or 12.05D of the Listing of Impairments. Each of these Listing sections requires a valid IQ score between 60 and 70. Intelligence testing administered by both Pack and Johnson resulted in IQ scores within the applicable range. (Tr. 202, 252). Pack did not consider his scores to be valid and, so, these are of no help to the plaintiff. Johnson did consider his scores valid. (Tr. 252-253). However, even if Johnson's opinion could be considered binding on this issue, the claimant must also prove that deficits in adaptive functioning manifested themselves during the developmental period prior to the age of 22 in order to meet the requirements of either Listing section. 20 C.F.R., Part 404, Subpart P, App. 1, Section 12.05. Johnson did not address this issue in his report while Pack clearly did, stating that "his general history does not suggest mental retardation, as his adaptive behavior would seem to preclude such a classification." (Tr. 203). Therefore, the claimant's mental problems do not meet a Listing.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be

entered simultaneously consistent with this opinion.

    This the ___26___ day of October, 2005.

                                                          G. WIX UNTHANK
                                                          SENIOR JUDGE